UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Thomas Wagner<br>5743 Evelyn Rd.<br>Cincinnati, OH 45247<br><br>And<br><br>Heidi Wagner<br>5743 Evelyn Rd.<br>Cincinnati, OH 45247<br><br>      Plaintiff,<br><br>v.<br><br>Capital Management Services, LP<br>726 Exchange St., Suite 700<br>Buffalo, NY 14210<br><br>      Defendant. | Case No.<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiffs are persons who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

9. On or around August 6, 2008, Defendant telephoned Plaintiff Thomas Wagner's ("Thomas") place of employment.

10. During this communication, Defendant told Thomas that, unless Thomas made payment arrangements by 11:30am on August 7, 2008, Defendant would garnish Thomas' wages.

11. During this communication, Thomas notified Defendant that Thomas was not allowed to receive Defendant's telephone calls at his place of employment and/or that it was inconvenient for Thomas to receive Defendant's telephone calls at his place of employment.

12. On or around August 6, 2008, Plaintiff Heidi Wagner ("Heidi") telephoned Defendant.

13. During this communication, Defendant was belligerent and abusive towards Heidi.

14. During this communication, Defendant told Heidi to "get a life".

15. During this communication, Defendant refused to identify itself to Heidi.

16. During this communication, Defendant represented to Heidi that it was illegal for Heidi to attempt to learn Defendant's identity.

17. During this communication, Defendant abruptly hung up on Heidi.

18. Despite having notice, on or around August 7, 2008, Defendant telephoned Thomas' place of employment.

19. As a result of Defendant's threats, Thomas believed that Defendant would garnish Thomas' wages imminently.

20. As a result of Defendant's harassment, Plaintiffs are upset and terrified of the legal action Defendant threatened.

21. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive or was not permitted to receive Defendant's calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e in that defendant failed to advise Plaintiffs during verbal communications that defendant was attempting to collect a debt and information would be used for that purpose.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

33. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiffs.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

35. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiffs.

## JURY DEMAND

37. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

38. Plaintiffs pray for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Richard J. Meier*
Richard J. Meier
Jeffrey S. Hyslip
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: rjm@legalhelpers.com
Email: jsh@legalhelpers.com
*Attorneys for Plaintiffs*